IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BENNIE L. HORTON and          *
RAMONA E. HORTON,             *
                              *
        Plaintiffs/Counter-Defendants  *
vs.                           *        No. 4:07cv00319 SWW
                              *
                              *
WILSON & ASSOCIATES, PLLC,    *
TRUSTEE, HIBERNIA CORPORATION, *
d/b/a HIBERNIA NATIONAL BANK, *
CITIMORTGAGE, INC., and RAYMOND *
CHONG,                        *
                              *
        Defendants            *
                              *
WILSON & ASSOCIATES, PLLC,    *
TRUSTEE, HIBERNIA CORPORATION, *
d/b/a HIBERNIA NATIONAL BANK, *
CITIMORTGAGE, INC.,           *
                              *
        Coss-Defendants       *
and                           *
                              *
RAYMOND CHONG,                *
                              *
        Third-Party Plaintiff *
vs.                           *
                              *
                              *
MORTGAGE ELECTRONIC           *
REGISTRATION SYSTEMS, INC.,   *
                              *
        Third-Party Defendant *

ORDER OF REMAND

        This action involves plaintiffs Bennie L. Horton and Ramona E. Horton's continued

possession of property upon which a statutory foreclosure was long ago completed. Plaintiffs

instituted this action in state court against defendants contesting the sale and seeking damages.

Dockets.Justia.com

The purchaser of the foreclosed property, Raymond Chong, filed a counterclaim, cross-claim, and third-party complaint.  The action was subsequently removed to this Court by separate defendants Hibernia Corporation, d/b/a Hibernia National Bank, and CitiMortgage, Inc., upon learning that plaintiffs had filed a Chapter 7 bankruptcy proceeding and had been discharged from that proceeding without ever claiming ownership of the property and listing a cause of action against defendants as an asset.[1]  The other defendants consented to removal.  In addition to numerous motions filed in state court, separate defendants Hibernia, CitiMortgage, and Wilson and Associates, P.L.L.C., Trustee, filed motions to dismiss in this Court on the basis of plaintiffs' lack of standing.  This Court held a hearing on these motions on the morning of April 10, 2007, following which this Court issued a ruling from the bench.

For the reasons stated at the conclusion of the hearing, this Court has jurisdiction pursuant to 11 U.S.C. § 554(d), under which the asserted cause of action remains property of the estate, and 28 U.S.C. § 1334(e), which gives this Court exclusive jurisdiction of all the property of the estate.

That established, the Court finds that plaintiffs lack standing from bringing their claims against defendants as plaintiffs concede they did not list in bankruptcy court their claims as stated in their original and amended complaints against defendants.  The estate was fully administered and closed and, therefore, plaintiffs' claims remain property of the estate and plaintiffs lack standing to prosecute them; plaintiffs have lost all rights to enforce any unscheduled legal claims in their own names.  *See, e.g., Vreugdenhill v. Navistar, Int'l Transp. Corp.*, 950 F.2d 524, 526 (8th Cir. 1991) (Chapter 7 debtor who failed to schedule potential claim

---

[1] Plaintiffs filed their action pro se in state court prior to being discharged from bankruptcy.  Plaintiffs subsequently amended their complaint with the assistance of counsel.

cannot prosecute claim after emerging from bankruptcy); *Biesek v. Soo Line Railroad Co.*, 440 F.3d 410, 412 (7th Cir. 2006) (a debtor in bankruptcy who receives a discharge (and thus a personal financial benefit) by representing that he has no valuable choses in action cannot turn around after the bankruptcy ends and recover on a supposedly nonexistent claim).

In addition to their lack of standing, this Court finds that plaintiffs are estopped  from bringing their claims against defendants because they omitted them from the bankruptcy schedules that accompanied their petition: plaintiffs' current position, of which they were aware prior to discharge, is inconsistent with their earlier position in bankruptcy court; the bankruptcy court discharged plaintiffs not knowing of plaintiffs' claims against defendants; and plaintiffs assertion of their inconsistent position in this action from that in bankruptcy court would impose an unfair detriment on defendants if not estopped.  *See Stallings v. Hussman Corp.,* 447 F.3d 1041, 1047 (8th Cir. 2006).

In ruling that plaintiffs lack standing and are estopped from bringing their claims against defendants, the Court notes that Mr. Chong's claim of unlawful detainer against plaintiffs derives from the very foreclosure proceeding that plaintiffs have no standing and are estopped from contesting; indeed, plaintiffs now concede that they have no possessory interest in the subject property and that Mr. Chong is the lawful owner of the property.  Accordingly, Mr. Chong necessarily prevails on his unlawful detainer claim set forth in his counterclaim. Nevertheless, because any damages resulting from Mr. Chong's unlawful detainer claim and procedures for regaining possession of the property involve matters of state law, this Court will remand any unresolved issues in Mr. Chong's counterclaim, cross-claim, and third-party complaint to the state court from which it was removed and leave it to Mr. Chong's discretion on

how best to proceed in state court now that his right to possession has been established.  *Cf.*
*American Civil Liberties Union v. City of Florissant*, 186 F.3d 1095, 1098-99 (8th Cir. 1999)
(when federal and state claims are joined and the federal claims are dismissed on a motion for
summary judgment, the supplemental state claims are ordinarily dismissed without prejudice to
avoid needless decisions of state law as a matter of comity).  *See also Figg v. Russell*, 433 F.3d
593, 600 (8th Cir. 2006) (noting that when court dismissed federal 42 U.S.C. § 1983 action, it
should have exercised its discretion to dismiss state-law claims without prejudice, leaving it to
plaintiff to determine whether to reassert them in state court).

IT IS THEREFORE ORDERED that the motions to dismiss by Hibernia Corporation,
CitiMortgage, and Wilson & Associates [doc.#'s 4, 30] be and they hereby are granted and that
plaintiffs' original and amended complaints be dismissed with prejudice.

IT IS FURTHER ORDERED that Mr. Chong's unlawful detainer claim set forth in his
counterclaim be and it hereby is granted.

IT IS FURTHER ORDERED that all other pleadings and the issues contained therein that
were not today resolved, including those in Raymond Chong's counterclaim, cross-claim, and
third-party complaint, be remanded to the state court from which they were removed.


Dated this 10th day of April 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

4